| | |
|---|---|
| 1 | PERRIE WEINER (SBN 134146) |
| | perrie.weiner@dlapiper.com |
| 2 | EDWARD D. TOTINO (SBN 169237) |
| | edward.totino@dlapiper.com |
| 3 | GRANT P. ALEXANDER (SBN 228446) |
| | grant.alexander@dlapiper.com |
| 4 | **DLA PIPER LLP (US)** |
| | 1999 Avenue of the Stars, Suite 400 |
| 5 | Los Angeles, CA 90067-6023 |
| | Telephone: 310.595.3000 |
| 6 | Facsimile: 310.595.3300 |
| 7 | Attorneys for Defendant |
| | COMDATA NETWORK, INC. |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - CENTRAL

| | |
|---|---|
| ANGELA CHURCH, on behalf of herself and all others similarly situated, and on behalf of the general public, | CASE NO. EDCV 11-0152 CAS (MANx) |
| Plaintiffs, | [Hon. Christina A. Snyder, Courtroom 5] |
| v. | **PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |
| COMDATA NETWORK, INC. a Maryland corporation, and DOES 1 through 50, inclusive, | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' [Proposed] Stipulated Protective Order ("Stipulation") filed on May 19, 2011, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of Paragraphs 5.2(b), 6.2, and 10 of the Stipulation.

The parties are expressly cautioned that the designation of any information,

document, or thing as "CONFIDENTIAL," or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "CONFIDENTIAL," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "CONFIDENTIAL," or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document,

shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## **TERMS OF PROTECTIVE ORDER**

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action **may** involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties **have stipulated to the entry of this** Protective Order.  The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

**2.     DEFINITIONS**

2.1     <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

DLA Piper LLP (US)
Los Angeles

2.3 "Confidential" Information or Items: any confidential or commercially sensitive Disclosure or Discovery Materials that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c), the disclosure of which to those other than the Designating Party would create risk of injury that could not be avoided by less restrictive means.

2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: a Party or non-party that designates Disclosure or Discovery Materials as "Confidential."

2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

2.9 Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. Professional vendors include a professional jury or trial consultant retained in this litigation.

**3. SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates Disclosure or Discovery Materials for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a Designating Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of section 5.2(a) and section 5.2(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order should be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

DLA PIPER LLP (US)
LOS ANGELES

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the term "CONFIDENTIAL" on each page that contains Protected Material.

(b) <u>for testimony given in deposition</u>, a Designating Party may identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." Following the deposition, the Designating Party shall have 30 days, after the transcript becomes available, to identify the specific portions of the testimony as to whether protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order. Prior to the expiration of the 30 day period, the transcript shall be treated as "CONFIDENTIAL."

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

DLA P<small>IPER</small> LLP (US)
L<small>OS</small> A<small>NGELES</small>

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.2     Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party must comply with Federal Rule of Civil Procedure 37 and the Central District's Local Rule 37-1 through 37-4. Before relief is sought with the Court, counsel must confer in conjunction with Central District Local Rule 37-1 in an attempt to resolve the dispute. If, after conducting a conference, the Parties are unable to reach resolution on the confidentiality designation, the Parties must prepare a joint stipulation in conformity with Central District Local Rules 37-2, 37-2.1, and 37-2.2 for submission to the Court, outlining the issues in dispute and the arguments of each Party. After the joint stipulation is filed, the Parties may file a supplemental memorandum of law in conformity with Central District Local Rule

37-2.3.  Any noticed motion filed after the joint stipulation must be in conformity with Central District Local Rule 37-3.  **The Designating Party shall bear the burden of persuasion that the challenged confidentiality designation is appropriate.**

Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)  the Receiving Party's Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information;

(b)  In-House Counsel and their staff to whom disclosure is reasonably necessary;

(c) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary;

(d) third parties including actual or potential insurers and indemnitors and their counsel,;

(e) Experts: (1) to whom disclosure is reasonably necessary for this litigation; and (2) who have signed the "**Acknowledgment and Agreement To Be Bound**" (Exhibit A);

(f) the Court and its personnel;

(g) court reporters, and their staffs to whom disclosure is reasonably necessary;

(h) Professional Vendors to whom disclosure is reasonably necessary;

(i) during their depositions, witnesses in the action to whom disclosure is reasonably necessary.

(j) the author of the document or the original source of the information, or witnesses who have already received a copy of the Protected Material from the author of the document or the original source of the information as evident from the face of the material.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Disclosure or Discovery Materials designated in this action as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the

material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action **who or which** caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons return the Protected Material and execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

**10. FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party **who or which** seeks to file under seal any Protected Material must comply with Local Rule 79-5 and this Court's published procedures requiring an application to the Court for an order to seal documents.

///

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party and all others bound by the "Acknowledgment and Agreement To Be Bound" must, to the extent reasonably practicable, destroy or return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party, to the extent reasonably practicable, has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS

If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any Party is nevertheless inadvertently produced to a Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of

DLA PIPER LLP (US)
LOS ANGELES

another Party, such Party shall promptly return the information to the claiming Party or person and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel (which shall be filed under seal). The Party returning such material may then move the Court for an Order compelling production of the material, which shall be filed under seal, and said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

13. **RIGHT TO FURTHER RELIEF**

Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

14. **RIGHT TO ASSERT OTHER OBJECTIONS**

By **having stipulated** to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED**.

Dated: July 28, 2011

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on July 28, 2011, in the case of *Church v. Comdata Network, Inc., et al.*, Case No. EDCV 11-0152 CAS (MANx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
             [printed name]

Signature:   _____
             [signature]